

U.S. Department of Justice

**Michael J. Sullivan**
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 7, 2006

Lenore M. Glaser, Esq.
25 Kingston Street
Boston, MA 02111

Re: <u>United States v. Damien P. Suchma</u>
    Criminal No. 04-10129-RCL

Dear Ms. Glaser:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Damien P. Suchma ("Suchma"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Suchma shall plead guilty to the following counts of the above-captioned Indictment:

    Count One:    Conspiracy To Distribute Oxycodone, in violation of 21 U.S.C. §846;

    Count Two:    Conspiracy To Import Oxycodone, in violation of 21 U.S.C. § 963; and

    Count Three:    Conspiracy To Distribute Marijuana, in violation of 21 U.S.C. § 846.

    Suchma expressly and unequivocally admits that he in fact knowingly, intentionally, and willfully committed the crimes charged in Counts 1-3 of the Indictment, and is in fact guilty of those offenses.

2. <u>Penalties</u>

Suchma faces the following minimum mandatory and maximum penalties:

Count One:   A maximum of 20 years' imprisonment, to be followed by a term of supervised release of at least 3 years up to life, a fine of up to $1,000,000, and a $100 special assessment;

Count Two:   A maximum of 20 years' imprisonment, to be followed by a term of supervised release of at least 3 years up to life, a fine of up to $1,000,000, and a $100 special assessment; and

Count Three: A maximum of 40 years' imprisonment, to be followed by a term of supervised release of at least 3 years up to life, a fine of up to $2,000,000, and a $100 special assessment.

Suchma acknowledges that he faces a minimum mandatory sentence of 5 years' imprisonment in the event that the Court determines he is responsible for 100 kilograms or more of marijuana and that he faces a minimum mandatory sentence of 10 years' imprisonment in the event that the Court determines he is responsible for 1,000 kilograms or more of marijuana.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Suchma is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

The parties agree to take the position that the Sentencing Guidelines in effect as of November 2000 apply to this case.

Base Offense Level

The parties agree to take the position that Suchma is responsible for a quantity of oxycodone and a quantity of marijuana that, when combined together, are the equivalent of 100-400 kilograms of marijuana and that Suchma's Base Offense Level ("BOL") is 26. This amount takes into account the estimated amount of marijuana from the shipments of packages for which Suchma is responsible as well as the marijuana equivalent (based on the 2000 Sentencing Guidelines) of oxycodone for which Suchma is responsible.

Adjustments

The government takes the position that Suchma should not receive an enhancement or a reduction based on his role in the offense conduct.

Suchma takes the position that he was a minor participant in the conspiracy within the meaning of §3B1.2(b) of the Sentencing Guidelines, and that, as such, his offense level should be reduced by two levels. The U.S. Attorney will oppose this argument.

The parties agree to take the position that Suchma does not qualify for the "safety-valve" provision set forth in U.S.S.G. § 5C1.2.

Acceptance of Responsibility

Based on Suchma's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Suchma's Adjusted Offense Level ("AOL") under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Suchma:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests,

      relevant conduct for which Suchma is accountable under U.S.S.G. § 1B1.3;

 (d) Fails to provide truthful information about his financial status;

 (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Suchma is accountable under U.S.S.G. § 1B1.3;

 (f) Engages in acts which form a basis for finding that Suchma has obstructed or impeded the administration of justice under U.S.S.G. § 1B1.3;

 (g) Intentionally fails to appear in Court or violate any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

Suchma expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Suchma expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Suchma obstructs justice after date of this Agreement.

 4. <u>Sentence Recommendation</u>

Absent the filing of a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) A term of incarceration within the applicable Guideline Sentencing Range but not below any applicable minimum mandatory sentence required by statute;

    (b)    A fine within the applicable fine range unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Suchma is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    A term of supervised release of three years; and

    (d)    A mandatory special assessment of $300.

Suchma reserves the right to argue that his criminal history category substantially over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes and that the Court should depart downeward pursuant to U.S.S.G. § 4A1.3. The U.S. Attorney will oppose this argument. Other than this item, the U.S. Attorney and Suchma agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved in ¶ 7 below. Accordingly, neither the U.S. Attorney nor Suchma will seek a departure on any ground from the Sentencing Guidelines, except as described in this paragraph and under the conditions explicitly set forth in ¶ 7 below.

In the event of an appeal from, or collateral challenge to, Suchma's sentence, the U.S. Attorney reserves his right to argue the correctness of Suchma's sentence and the manner in which the District Court determines it.

    5.    <u>Payment of Mandatory Special Assessment</u>

Suchma agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Suchma establishes to the satisfaction of the Court that Suchma ins financially unable to do so.

    6.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Suchma has conferred with his attorney and understands that he has the right to challenge his sentence on direct appeal. Suchma similarly understands that he may, in some circumstances, be able to argue that his sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §§2241 or 2255 or 18 U.S.C. §3582(c).

Suchma agrees that, if the District Court grants the government's motion for a downward departure pursuant to U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e) and does, in fact, depart downward

on that basis, he will not file a direct appeal nor collaterally challenge any sentence imposed.

This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Suchma expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

Suchma's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

7. Cooperation

   a. Terms of Cooperation

Suchma agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Suchma must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Suchma understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Suchma hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Suchma or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Suchma waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Suchma's cooperation is complete. Suchma understands that the date of Suchma's sentencing is within the sole discretion of the Court and that this Agreement may require Suchma's cooperation to continue even

after Suchma has been sentenced. Suchma's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Suchma.

      b.    Substantial Assistance Motion

In the event that Suchma provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1 and, if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below the applicable Guideline Sentencing Range or any applicable minimum mandatory sentence. The determination whether Suchma has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S. G. § 5K1.1 if Suchma violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. Suchma may not withdraw his plea if the U.S. Attorney determines that Suchma has not rendered substantial assistance or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

      c.    Sentence Recommendation with Substantial Assistance

If Suchma provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Suchma.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Suchma's sentencing.

      d.    Letter Immunity

In return for Suchma's full and truthful cooperation, the U.S. Attorney agrees not to sue any information provided by Suchma pursuant to the Agreement or pursuant to the proffer letter dated May 20, 2004 (or any information directly or indirectly derived therefrom) against Suchma in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this

Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Suchma pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Suchma or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Suchma has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Suchma for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Suchma faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Suchma's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Suchma may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Suchma withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.   Information For Presentence Report

Suchma agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Suchma may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Rejection of Plea by Court</u>

Should Suchma's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Suchma, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Suchma has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Suchma, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Suchma recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Suchma understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Suchma before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents, or objects which may be provided by him to the government subsequent to this agreement, or pursuant to the proffer agreement dated May 20, 2004, without any limitation. In this regard, Suchma hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the

District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other that those set forth in this letter and in the proffer letter dated May 20, 2004. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated May 20, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Suchma, please have Suchma sign the Acknowledgment of Agreement below. Please also sign below as Witness and return the original of this letter to Assistant US. Attorneys Michael J. Pelgro and Nancy Rue.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Laura Kaplan
Section Chief, Organized & Violent Crime Section

Michael J. Pelgro
Nancy Rue
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Damien P. Suchma
Defendant

Date: 4/23/07

I certify that Damien P. Suchma has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Lenore P. Glaser, Esq.
Attorney for Damien Suchma

Date: 4/23/07